James J. SCHNIEDERS, Appellant,

v.

Roman H. STEGEMAN and Sophia H. Stegeman, d/b/a Stegeman Charcoal Company, Respondents.

No. 23228.

Kansas City Court of Appeals.

Missouri.

Feb. 6, 1961.

John R. Baty, Kansas City, William A. Seibel, Jefferson City, for appellant.

Curtis J. Quimby, Jefferson City, for respondents.

SPERRY, Commissioner.

This is a damage suit growing out of an accident where plaintiff, an employee of defendants, had his finger cut off in a wood elevator while working at defendants' char-

coal manufacturing plant. The jury found a verdict for plaintiff in the sum of $1,000, but, on motion, the verdict and judgment were set aside and judgment was entered for defendants. Plaintiff appeals.

Defendants were in the business of manufacturing charcoal. At the time the accident occurred, slab edgings from stave bolts were being stacked in a kiln. The wood was taken from the ground where it was stacked and loaded, a stick or two at a time, into the trough of a power driven grain elevator. The elevator was of sheet metal construction, several feet long, and about six inches wide with metal side walls. A flat endless chain ran along the bottom, to which was attached, at intervals, metal cleats. The chain was propelled by its passing over an open moving cogwheel so that the cogs would engage the chain links and pull them over the end of the chute. There was an open space, six inches long, extending from the end of the sheet metal flooring of the elevator, where plaintiff could and did get his finger caught between the sprocket and the chain. The sticks of wood were laid lengthwise on top of the cleats, at suitable intervals, and carried to the top of the elevator where they were taken off and stacked in the kiln. At the time he was injured plaintiff was taking the wood from the top of the elevator.

This action is founded on Section 292.020 RSMo 1949, V.A.M.S., which provides in part as follows:

"The belting, shafting, machines, machinery, gearing and drums in all manufacturing, mechanical and other establishments in this state, when so placed as to be dangerous to persons employed therein or thereabout while engaged in their ordinary duties, shall be safely and securely guarded when possible; if not possible, then notice of its danger shall be conspicuously posted in such establishments."

Under that section, defendants might have been in violation of the statute, and thereby guilty of negligence, either by failing to safely and securely guard the chain and cogwheel, *if possible,* or, if not possible, by failing to notify plaintiff of the danger. Hummel v. American Manufacturing Company, Mo.App., 279 S.W. 202, 203.

Failure to notify of the danger is not material here because of plaintiff's own testimony. He stated that he was familiar with farm tractors, side delivery rakes, mowing machines, hay balers and shoe manufacturing machinery; that he knew that it was dangerous to put his hand near a chain which was being pulled over an open sprocket; that he saw this open, unguarded, moving sprocket and chain and knew that he would have a finger cut off if he placed it under the chain at that point; and that he was being careful to avoid such an accident at the very time it occurred. Posted notices of the dangerous condition could have added nothing to plaintiff's knowledge of the danger to be avoided when he reached into the chute, ahead of the sprocket, to get wood. Plaintiff has not briefed the point and, therefore, has abandoned it on appeal.

But the statute requires that the open moving sprocket and chain be safely guarded, *if possible.* Plaintiff offered no evidence tending to prove that it could have been effectively guarded without rendering the elevator useless for the purpose for which it was being used. He assumes, in his brief, that because the metal sides of the chute extended from 12 to 18 inches beyond the sprocket and chain, this constituted a *guard* but claimed that these extensions were "bent back" when the accident occurred, so that the guards were ineffective. From the evidence it appears that these extensions were designed to *guide* the grain as and after it passes the sprocket, rather than as guards. But, be that as it may, it would appear, from the physical facts, as well as from some testimony, that the extension would not have prevented one from reaching into the chute ahead of the sprocket to take wood out of the chute, if he so desired.

And it also appears, from the physical facts, that if the extension had been covered, as by a hood, the cover must necessarily have been at least 18 inches high in order to permit wood slabs three feet in length to pass 18 inches or more beyond the end of the chute proper before they could tilt enough to fall free from the elevator. If they could not tilt and fall, the following wood would have piled up and created a "log jam", thereby rendering the elevator useless in this operation. The hood, had there been one, could not have prevented plaintiff from doing what he did do.

Proof that it was possible to safely guard the dangerous condition was an essential element of plaintiff's case. Absent such evidence he made no submissible case under the plain terms of the statute upon which the action is founded. Hummel v. American Manufacturing Company, supra, 279 S.W. 203, 204. He offered none.

We consider as true all evidence of defendants which tends to aid plaintiff's case, and we reject as untrue all that which tends to defeat his claim; and we must draw all favorable and reasonable inferences from all of the evidence that tends to support plaintiff's claim. Mincielli et al. v. Sloan's Moving & Storage Co., Mo., 303 S.W.2d 17, 19. But defendants' evidence was all to the effect that the sprocket could not have been safely guarded without rendering the elevator useless for elevating wood. Therefore, it does not aid plaintiff's barren record on this essential point.

Plaintiff seems to *assume, without proof,* that the extension of the sides of the chute constituted an effective guard, but that the ends were "bent back" so as to be ineffective. There was no substantial evidence tending to prove that one could not, if he so desired, reach ahead of the guides or guards and take wood from in front of the open and unshielded sprocket. Such an essential fact, the possibility of safely guarding the dangerous condition, may not be assumed or considered as proved simply because there were pictures of the elevator introduced into evidence by defendants. This fact was not one within the general knowledge of the jury. Hummel v. American Manufacturing Company, supra, 279 S.W. 204.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court.

All concur.